# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES BOLAND, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 11-1609 (ESH) |
| ) | |
| ARNOLD MASONRY, LLC, ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM OPINION**

Before the Court is plaintiffs' motion for entry of default judgment. (Mot. for Default Judgment, Mar. 9, 2012 [Dkt. No. 8].) For the reasons stated herein, the motion will be granted and judgment entered for plaintiffs and against defendant Arnold Masonry, LLC.

This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on September 23, 2011, but has failed to answer or otherwise defend this action. The Clerk of Court entered default on January 5, 2012. (Entry of Default, Jan. 5, 2012 [Dkt. No. 5].) Pursuant to the Court's January 5, 2012 Order [Dkt. No. 6], plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(C).

Federal Rule of Civil Procedure 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* Fed. R. Civ. P. 55(c).

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D)

reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.  The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and an authorized representative to effect collections on behalf of the Bricklayers & Allied Craftworkers International Health Fund ("IHF") and the International Masonry Institute ("IMI"), and Ira R. Mitzner, Esq., in support of the motion for default judgment.  Based on the declarations, the Court finds that plaintiffs have established the total amount owed IPF, IHF and IMI by defendant for unpaid contributions, interest, liquidated damages, attorney's fees and costs to be $20,667.09. (Stupor Decl. ¶¶ 10-21; Mitzner Decl. ¶¶ 3-4, 15, 17.)

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiffs in the amount of $20,667.09.  A separate Judgment will accompany this opinion.

          /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 28, 2012